1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| HURVIS FRANKLIN, | CASE No.     1:12-cv-01542-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| | (ECF No. 1) |
| v. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

11
12
13
14
15
16
17
18
19

_____/

20
21
22

**FIRST SCREENING ORDER**

23

**I.     PROCEDURAL HISTORY**

24

        Plaintiff Hurvis Franklin is a state prisoner proceeding pro se in this 42 U.S.C. §

25

1983 civil rights action filed on September 21, 2012 pursuant to 42 U.S.C. § 1983.  He

26

has declined Magistrate Judge jurisdiction. (ECF No. 5.) The Complaint is now before

27

the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.   SUMMARY OF COMPLAINT

Plaintiff complains Defendants have been deliberately indifferent to and medically negligent regarding his serious medical needs in violation of the Eighth Amendment. He has diagnosed kidney dysfunction (Compl. at 1, 4) and a history of end stage renal disease (Id. at 21) for which he receives treatment including hemodialysis, lab tests,

1
2
3
4
5
6
7
8
medications, nourishments and supplements. (Id. at 22-23.) He claims he needs a kidney biopsy and other unspecified tests which have not been performed. (Id. at 4, 22.) He was placed on pain management medication that was a psycho tropic drug, without his knowledge. (Id. at 4.) He has not received proper medical attention. (Id.) He has not been given a proper medical examination. (Id.) No renal specialist physician has examined him. (Id.) He has received improperly performed surgeries. (Id.) He has been permanently scarred and left in chronic pain. (Id.)

9
10
His health care appeal was denied on grounds he is receiving appropriate health care and prisoners may not demand a particular treatment. (Id. at 13, 22-23.)

11
12
13
14
He names as Defendants (1) Dr. Magdy,[1] Physician at Davita Dialysis Center, (2) Dr. Metts, California Substance Abuse and Treatment Facility ("CSATF") staff physician, (3) Dr. Ding, CSATF staff physician, (4) Meritt, CSATF staff nurse.[2] (Id. at 3-4.)

15
16
17
18
19
20
Plaintiff  seeks injunctive relief ordering that he receive proper medical care including a kidney biopsy, examination by a renal specialist and by a back specialist (for possible musculature and osteo problems), and dermatologist (for on-going boils, sores, and other dermatological disorders); and a medication comparison to ensure appropriate medications. (Id. at 4.)

21
///////
22
///////

23

24
[1] Variously "Madgy". Plaintiff shall ensure correct spelling of names in any amended pleading.

25
26
27
[2] Plaintiff lists the California Department of Corrections & Rehabilitation, Davitas (sic) Dialysis Company, and Nurse Chipendo as defendants in the Complaint's caption (Compl. at 1-2), but not in the Complaint at Section III "Defendants". (Id. at 3.) Claims against these insufficiently named defendants are not analyzed. All named defendants shall be listed in Section III of any amended form pleading.

1

2

**IV.    ANALYSIS**

3
     **A.    Pleading Requirements Generally**

4

5
     To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

6
that a right secured by the Constitution or laws of the United States was violated and (2)

7
that the alleged violation was committed by a person acting under the color of state law.

8
West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

9
1245 (9th Cir. 1987). A complaint must contain "a short and plain statement of the claim

10
showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual

11
allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

12
action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556

13
U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

14
544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to

15
state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the

16
mere possibility that a defendant committed misconduct and, while factual allegations

17
are accepted as true, legal conclusions are not. Id. at 1949–50.

18

19
     **B.    Personal Participation**

20
     To state a claim under § 1983, Plaintiff must demonstrate that each individually

21
named defendant personally participated in the deprivation of his rights. Jones v.

22
Williams, 297 F.3d 930, 934 (9th Cir.2002). The Supreme Court has emphasized that

23
the term "supervisory liability," loosely and commonly used by both courts and litigants

24
alike, is a misnomer. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each

25
defendant, through his or her own individual actions, violated Plaintiff's constitutional

26
rights. Id. at 675–78.

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Defendants can not be held liable under § 1983 solely because of their supervisory capacity. There is no respondeat superior liability under [§ ] 1983." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). "Liability under [§ ] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446–47 (9th Cir. 1991) (concluding that knowledge of a policy and practice of overcrowding that allegedly resulted in inmate's rape could be sufficient to establish liability). "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." <u>Starr v. Baca</u>, 652 F.2d 1202, 1206–07 (9th Cir. 2011). "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates. <u>Id.</u>

Plaintiff fails to allege facts tying any individually named Defendant to any particular alleged federal rights deprivation. His Complaint consists of general, conclusory allegations of inadequate medical care unattributed to any named Defendant. No facts suggest a named Defendants participated in or directed any alleged violations, knew of an excessive risk of such violation and then failed to act to prevent it, or was aware of a policy or practice that resulted in the violations. Plaintiff may not proceed against Defendants unless he alleges plausible facts showing how each Defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to

1
2
prevent or was deliberately indifferent to an excessive risk of, violation of his

constitutional rights.

3       **C.    Private Party Participation**

4
5       Generally, a private party such as Defendant Magdy, physician at the Davida

6
Dialysis Center, does not act under color of state law. Brentwood Academy v.

7
Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001); Single Moms,

8
Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence

9
St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702,

10
707-08 (9th Cir. 1991). "The United States Constitution protects individual rights only

11
from government action, not from private action." Single Moms, Inc., 331 F.3d at 746.

12
"Only when the government is responsible for a plaintiff's complaints are individual

13
constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood

14
Academy, 531 U.S. at 295). "[S]tate action may be found if, though only if, there is such

15
a close nexus between the state and the challenged action that seemingly private

16
behavior may be fairly treated as that of the state itself." Brentwood Academy, 531 U.S.

17
at 295. Private entities have been treated as state actors when they are controlled by a

18
state agency, when they have "been delegated a public function by the [s]tate," when

19
20
they are "entwined with governmental policies," and when the "government is entwined

21
in [their] management or control." Brentwood Academy, 531 U.S. at 296; see also

22
Bektic-Marrero v. Goldberg, 850 F.Supp.2d 418, 426-27 (S.D.N.Y. 2012) (private

23
24
physician under contract to provide part-time medical services for state acting under

25
color of state law).

26      Even if he had sufficiently linked Defendant Magdy to a rights violation, Plaintiff

27

-6-

has failed to allege facts suggesting Defendant Magdy was acting under color of state law when he allegedly violated Plaintiff's rights. If Plaintiff chooses to amend he should allege true facts, not conjecture or surmise, claiming that Defendant Magdy's actions may fairly be treated as actions of the state in accordance with the above standards.

### D.   Medical Indifference

Plaintiff alleges inadequate treatment of his kidney disease and related pain and suffering in violation of his Eighth Amendment rights.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must

be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

-8-

1

2       Here Plaintiff's kidney disease and related pain, if not properly treated, would be

3   expected to cause interference in daily activities, pain and further injury. See McGuckin,

4   947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient

5   would find important and worthy of comment or treatment; the presence of a medical

6   condition that significantly affects an individual's daily activities; or the existence of

7   chronic and substantial pain are examples of indications that a prisoner has a 'serious'

8   need for medical treatment.") Plaintiff has alleged, for purposes of screening, a serious

9   medical need sufficient to satisfy the first prong of a deliberate indifference claim.

10      However, Plaintiff's allegations are not sufficient to support a claim that the care

11  and treatment received reflects deliberate indifference to his medical needs. Even if he

12  had sufficiently linked Defendants to the alleged rights violations, his disagreement with

13  Defendants' professional judgment and treatment plan is not actionable unless he can

14  claim treatment was medically unacceptable and rendered in conscious disregard of an

15  excessive risk to his health. Conclusory allegations based on conjecture and surmise are

16  insufficient, particularly where, as here, the pleading reflects that Plaintiff has received

17  ongoing and extensive medical care and treatment. Nothing before the Court suggests

18  denial, delay, or interference with his medical care and treatment plan, or disagreement

19  among health professionals as to his care and treatment. His desire for alternative or

20  additional treatment(s), test(s), and medication(s), without more, is not sufficient to state

21  a federal claim. Plaintiff pleads no facts suggesting any named Defendant actually knew

22  of and disregarded an excessive risk arising from the care and treatment provided or

23  intentionally provided medically inappropriate treatment.

24

25

26

27
                                            -9-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Allegations of simple medical negligence, i.e., malpractice, are not sufficient to claim a violation of federal rights. See Scotton v. Amerongen, - - - F.Supp.2d - - - - , 2009 WL 1853311 at *5 (N.D. Iowa June 29, 2009) (negligent acts by prison officials are not actionable under § 1983).

The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Accordingly, even if Plaintiff had sufficiently linked Defendants to the alleged rights violations, he alleges no facts claiming deliberate indifference. The Court will grant Plaintiff an opportunity to amend this claim. If he chooses to amend he must set forth sufficient facts showing, in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of each Defendant acting under color of state law.

### E.    State Law Medical Negligence

Plaintiff alleges Defendants were medically negligence in treating him.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim

to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4.

The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 12 Cal.3d 447, 455 (Cal. 1974). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208–09 (Cal. 2007). Thus, in pleading a state law claim, a plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (Cal. 2004). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. Id.

"To establish a medical malpractice claim, a plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach—proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, No. C–94–20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing to Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (Cal. 1978)); 6 B.E. Witkin, Summary of California Law, Torts § 732 (9th ed.1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession

-11-

in similar circumstances." <u>Hutchinson v. United States</u>, 838 F.2d 390, 392–93 (9th Cir. 1988).

The Court need not address the viability of Plaintiff's state law claim because it will not exercise supplemental jurisdiction over any state law claim unless and until Plaintiff states a cognizable federal claim. 28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001); <u>see also</u> <u>Gini v. Las Vegas Metropolitan Police Dep't</u>, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." <u>Les Shockley Racing v. National Hot Rod Ass'n</u>, 884 F.2d 504, 509 (9th Cir. 1989).

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing compliance with the CTCA, i.e., a timely and sufficient state law claim as against each of the Defendants.

**F.    Injunctive Relief**

Plaintiff seeks injunctive relief that he receive proper medical care including examination by specialists, a review of his medication and treatment plan, and a kidney biopsy.

Injunctive relief is an "extraordinary remedy, never awarded as of right." <u>Winter v. Natural Res. Defense Council</u>, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u>, (citing <u>Munaf v. Geren</u>, 553 U.S. 674, 689-90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Here Plaintiff fails to link Defendants to the alleged rights violations. An injunction directed to Defendants would not correct the harm alleged. Plaintiff's request to enjoin insufficiently named defendants seeks relief against non-parties and similarly fails.

Additionally, nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Plaintiff fails to state any cognizable claim. He fails to allege a real and immediate threat of injury.

Plaintiff's allegations do not support an entitlement to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

**V.    CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth

-13-

1
2
3

"sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

4
5
6
7
8

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

9
10
11
12
13
14
15
16
17
18
19
20
21

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

22  ///////
23  ///////
24  ///////
25  ///////
26  ///////
27

-14-

Based on the foregoing, it is **HEREBY ORDERED** that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

       complaint form and (2) a copy of his Complaint filed September 21, 2012,

2.     Plaintiff's Complaint is dismissed for failure to state a claim upon which

       relief may be granted,

3.     Plaintiff shall file an amended complaint within thirty (30) days from service

       of this order, and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, it

       is recommended that this action be dismissed, with prejudice, for failure to

       state a claim and failure to prosecute, subject to the "three strikes"

       provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090

       (9th Cir. 2011).


IT IS SO ORDERED.

Dated:    October 23, 2012            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

-15-