UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HURVIS FRANKLIN, | CASE No. 1:12-cv-01542-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | (ECF No. 10) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |
| Defendants. | |
| _____/ | |

I.    **PROCEDURAL HISTORY**

        Plaintiff Hurvis Franklin is a state prisoner proceeding pro se and in forma

pauperis in this 42 U.S.C. § 1983 civil rights action filed on September 21, 2012

pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint was dismissed for failure to

state a claim, but Plaintiff was given leave to file a first amended complaint. (ECF No.

8.) Plaintiff's first amended complaint (ECF No. 10) is now before the Court for

-1-

screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff names as Defendants (1) the California Department of Corrections and Rehabilitation ("CDCR"), (2) Davitas Dialysis Company, ("Davitas"), (3) Magdy, Davitas MD, (4) Ding, MD, (5) Metts, MD, (6) Meritt, Nurse Practitioner, (7) Loftus, MD, (8)

Shaviativlander, MD, (9) Soto, MD, and (10) Chiquedo, MD.[1]

Plaintiff alleges that:

He receives kidney dysfunction treatment, including dialysis, medication and renal meals. He is unconvinced he has a problem with his kidneys, and thinks Defendants may be wrong.

He was placed on anti-depressant medication (for pain management) without his knowledge and suffered side effects. His PCP discontinued the medication at his request.

He has been over-medicated for high blood pressure, causing stomach ulcers, pain, and surgery.

His requests for a kidney biopsy, updated medical tests, and for a referral to a specialist for his back pain have been ignored.

Plaintiff seeks (1) a kidney biopsy and other unspecified medical tests and examinations, (2) referral to a back specialist, and (3) damages.

IV.   **ANALYSIS**

A.   **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

---

[1] Defendants CDCR, Davitas, Metts and Meritt are not named in the first amended complaint at Section III which list all "Defendants". (ECF No. 10 at § III.)

-3-

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

### B.   Eleventh Amendment Immunity - CDCR

The Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996).

Because CDCR is a state agency, it is entitled to Eleventh Amendment immunity from this action.

### C.   Linkage

Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, a plaintiff must demonstrate that each

-4-

defendant, through his or her own individual actions, violated plaintiff's constitutional rights. Id. at 676–77.

Plaintiff does not reference Defendants CDCR, Davitas, Meritt, Loftus, Shaviativlander, Soto and Chiquedo in his statement of claim. No facts are alleged suggesting that any of these Defendants personally acted to violate his rights.

The Court's prior screening order advised Plaintiff of these deficiencies and of what was needed to correct them. He failed to correct them. No useful purpose would be served by having the Court repeat that advice and direction. Leave to amend should be denied.

**D.    No Liability for Private Action**

Generally, private parties do not act under color of state law. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746–47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991). "The United States Constitution protects individual rights only from government action, not from private action." Single Moms, Inc., 331 F.3d at 746. "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746–47, citing Brentwood Academy, 531 U.S. at 295.

"[S]tate action may be found if, though only if, there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself." Brentwood Academy, 531 U.S. at 295. Private entities have been treated as state actors when they are controlled by a state agency,

when they have "been delegated a public function by the [s]tate," when they are "entwined with governmental policies," and when the "government is entwined in [their] management or control." Brentwood Academy, 531 U.S. at 296; see also Bektic–Marrero v. Goldberg, 850 F.Supp.2d 418, 426–27 (S.D.N.Y. 2012) (private physician under contract to provide part-time medical services for state acting under color of state law).

Plaintiff names private parties Davitas and Magdy as Defendants. He alleges no facts suggesting either was acting under color of state law when allegedly violating Plaintiff's rights.

For the same reasons stated in the previous section of these findings and recommendation, leave to amend this claim should be denied.

### E.   Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to

1
2
3

state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient

facts to support a claim that the named defendants "[knew] of and disregard[ed] an

excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

4
5
6
7
8
9
10
11

Plaintiff's diagnosed kidney dysfunction and dialysis treatment reflect a serious

medical condition and satisfy the first prong of a deliberate indifference claim. "[T]he

existence of an injury that a reasonable doctor or patient would find important and

worthy of comment or treatment; the presence of a medical condition that significantly

affects an individual's daily activities; or the existence of chronic and substantial pain

are examples of indications that a prisoner has a 'serious' need for medical treatment."

McGuckin, 947 F.2d at 1059–60.

12
13
14
15
16
17

However, Plaintiff has not alleged facts suggesting Defendants intentionally

denied, delayed, or, as perhaps more applicable here, interfered with his care and

treatment, or intentionally provided medically unacceptable care. He simply alleges that

he disagrees with the medical care he is receiving. That is insufficient to state a

cognizable claim.

18
19
20
21
22

Misdiagnosis and prescription of incorrect medication, without more, may be

medical negligence, malpractice. But mere negligence is not a basis for a § 1983

action. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

Estelle, 429 U.S. at 105–06.

23
24
25
26
27

Similarly, Plaintiff's difference of opinion with Defendants regarding his testing,

diagnosis and treatment falls far short of showing deliberate indifference, Franklin v.

Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), unless the course of treatment chosen

was medically unacceptable and in conscious disregard of an excessive risk to his

health. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). There are no facts before the Court suggesting Defendants treatment reached a level of medical unacceptability or reflected a knowing disregard of excessive risk. Plaintiff's belief he has been misdiagnosed appears to be nothing more than conjecture on his part. The fact that, according to the pleading, Plaintiff is receiving ongoing and generally very expensive medical care and treatment raises a presumption, if not more, that medical professionals have concluded he is indeed in need of such treatment. Plaintiff provides no facts suggesting the professionals are in error. He just thinks they may be. That is not reason for the Court to consider allowing him to proceed on a claim that the care is somehow inadequate or inappropriate.

The same is true with Plaintiff's objection to anti-depressant medication. Moreover, the pleading reflects that when he complained about the medication to his primary care physician, Defendant Ding, the medication was discontinued.

His desire for a kidney biopsy, additional testing, referral to a back specialist, etc. is unsupported by medical opinion and appears to be based solely on his lay opinion of what may be necessary. Such opinion is not sufficient to allege Defendants provided unacceptable care, much less that they did so intentionally. See Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances). The Eighth

Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

These issues, deficiencies and the law applicable to medical indifference claims have been pointed out to Plaintiff previously to no avail. No useful purpose would be served by repeating that process and giving Plaintiff another opportunity to amend.

**F.    Cruel and Unusual Punishment**

The Court has read Plaintiff's pleadings as attempts to assert a medical indifference claim or claims based on Plaintiff's clear dissatisfaction with the medical care being provided to him. It is conceivable Plaintiff may, as an alternative, have tried to assert a claim that the medical care to which he is being subjected is wholly unnecessary and subjects him to otherwise avoidable pain and suffering and hence amounts to cruel and unusual punishment. Plaintiff has raised no such claim. Had he done so, the Court could not have ignored the fact that a medical doctor would not likely incur the substantial time, trouble and expense of providing regular dialysis and other treatment to one not in need of it. The Court would have deemed such a claim, especially one supported only by Plaintiff's non-medically-trained opinion, to be wholly frivolous and rejected it on that grounds. 28 U.S.C. § 1915A(b)(1),(2).

**G    State Law Negligence**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of

-9-

supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (Cal. 2004).

"To establish a medical malpractice claim, a plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach—proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, No. C–94–20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995), citing Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (Cal. 1978); 6 B.E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988).

The Court need not address the viability of Plaintiff's state negligence claims because the Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should

1
2

decline jurisdiction over the state claims and dismiss them without prejudice." <u>Les Shockley Racing v. National Hot Rod Ass'n</u>, 884 F.2d 504, 509 (9th Cir. 1989).

3
4

The undersigned recommends supplemental jurisdiction be declined and Plaintiff's state claims be dismissed without prejudice.

5
6

### H.   Due Process - Grievances

7
8
9
10
11

In <u>Mann v. Adams</u>, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in <u>Ramirez v. Galarza</u>, 334 F.3d 850, 860 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure.

12
13
14
15
16
17
18
19

Plaintiff's first amended complaint includes grievances relating to his Eighth Amendment allegations. Plaintiff may claim these grievances were improperly denied. However, the appeal procedure does not create any due process rights nor does it entitle Plaintiff to any particular action by prison staff. Ramirez, 334 F.3d at 860 (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Plaintiff's mere disagreement with actions of Defendants in reviewing his grievances is not actionable under § 1983. Id.

20
21

The undersigned recommends this claim be dismissed without leave to amend.

22

### I.   **Injunctive Relief**

23
24
25
26
27

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." <u>Winter v. Natural Res. Defense Council</u>, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of

serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Plaintiff requests a kidney biopsy and other unspecified medical tests and medical examinations and a referral to a back specialist. These requests are construed as seeking injunctive relief.

Plaintiff does not allege facts sufficient to show he is in need of and entitled to injunctive relief. He does not allege any cognizable claim. Nothing before the court suggests a threat of immediate and irreparable injury. To the contrary, Plaintiff alleges ongoing access to care and treatment of his kidney issues. Nothing suggests Defendants present any threat or hardship in relation thereto. The balance of hardship and equities is not in Plaintiff's favor.

Plaintiff was advised of these deficiencies and requirements to correct them in the prior screening order. He has failed to correct the deficiencies notwithstanding the opportunity to so. The undersigned sees no useful purpose served by according Plaintiff further opportunity. Leave to amend this claim should be denied.

## V.    CONCLUSIONS AND RECOMMENDATIONS

The undersigned concludes that Defendant CDCR is immune from suit; Defendants CDCR, Davitas, Meritt, Loftus, Shaviativlander, Soto and Chiquedo are not linked to any alleged rights violation; Defendants Davitas and Magdy, private parties, are not alleged to have acted under color of state law when allegedly violating Plaintiff's rights;; the first amended complaint fails to allege any cognizable federal claim or entitlement to injunctive relief and leave to amend would be futile; and supplemental jurisdiction over the state claims should be declined and state claims dismissed without prejudice.

Accordingly, for the reasons stated above the undersigned RECOMMENDS that this action be DISMISSED, WITH PREJUDICE as to federal claims and WITHOUT PREJUDICE as to state claims, for failure to state a claim, with said dismissal to count as a strike pursuant to 28 U.S.C. § 1915(g), Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011), and the Clerk to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

///////

///////

-13-

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    July 16, 2013                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

-14-