# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HURVIS FRANKLIN,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | Case No. 1:12-cv-01542-LJO-MJS (PC)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, and (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS**<br><br>**(ECF No. 17)** |

## I. PROCEDURAL BACKGROUND

Plaintiff Hurvis Franklin is a state prisoner proceeding pro se and in forma pauperis in this 42 U.S.C. § 1983 civil rights action filed on September 21, 2012 pursuant to 42 U.S.C. § 1983. The Court issued findings and recommendations dismissing this action for failure to state a claim. (ECF No. 14.) Objections to the findings and recommendations were originally due not later than August 5, 2013. (Id.) On July 29, 2013, Plaintiff requested a thirty day extension of time to file objections to the findings and recommendations. (ECF No. 15.) On July 30, 2013, the Court granted this request, such that objections to the findings and recommendations are now due by September 3, 2013. (ECF No. 16.)

Pending before the Court is Plaintiff's motion (ECF No. 17) seeking (1) appointment

of counsel on unspecified grounds, and (2) a thirty day extension of time to object to the findings and recommendations on grounds the Court's July 30, 2013 order does not provide for a full thirty day extension of time.

## II.     DISCUSSION

### A.     Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Id. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir.2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

Plaintiff's request for appointment of counsel shall be denied without prejudice.

Plaintiff provides no explanation or argument why counsel should be appointed. The request for counsel is not supported by any factual allegations. The Court does not find exceptional circumstances warranting appointment of counsel. Plaintiff has not stated a cognizable claim. The Court can not make a determination that Plaintiff is likely to succeed on the merits. The violations alleged to date do not appear to be novel or unduly complex. The facts alleged to date appear straightforward and unlikely to involve any extensive investigation and discovery.

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. The papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards and an ability to express same adequately in writing.

Nothing suggests that Plaintiff has made diligent efforts to secure counsel.[1] Plaintiff's lack of funds alone does not necessarily mean efforts to secure counsel would be futile.

Plaintiff's request for appointment of counsel shall be denied without prejudice.

### B. Extension of Time

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." Fed. R. Civ. P. 6(b)(1). The Court has wide discretion to extend time. Jenkins v. Commonwealth Land title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996). A party must demonstrate some justification for the issuance of the enlargement order. Ginett v. Federal Express Corp., No. 97-5481, 1998 WL 777998, at 5* (6th Cir. October 21, 1998).

Plaintiff's request for thirty day extension of time to object to the findings and recommendations shall be denied as moot. Plaintiff previously requested (ECF No. 15), and the Court previously granted (ECF No. 16), a thirty day extension of time to respond to the findings and recommendations. Plaintiff's objections to the findings and

---

[1] See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3–4 (S.D.Cal.2011) (cases cited).

3

recommendations are now due not later than September 3, 2013. (ECF No. 16.)

The instant motion does not appear to seek, or provide good cause for any further extension of time.

### III.  ORDER

Accordingly, for the reasons stated above IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for appointment of counsel (ECF No. 17) is DENIED WITHOUT PREJUDICE; and
2. Plaintiff's motion for a thirty day extension of time to respond to findings and recommendations (ECF No. 17) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: August 8, 2013                           /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE

4